IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Moore, ) | |
| ) | Civil Action No. 8:09-1458-SB-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Captain Chuck Fraser, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the Defendant's Motion for Summary Judgment. (Dkt. # 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on June 2, 2009, seeking damages for alleged civil rights violations.[1] On December 15, 2009, the Defendant filed a motion for summary judgment. By order filed December 16, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 12, 2010, the Plaintiff filed a response to the Defendant's Summary Judgment Motion.

## FACTS

The Plaintiff is a state prisoner currently incarcerated at the Kirkland Correctional Institution. (See Dkt. # 29.) The Plaintiff alleges that his constitutional rights were violated

---

[1]As there is no prison mailroom stamp indicating when it was received for mailing, this date reflects the postmark date on the envelope containing the complaint. (Compl. Attach. # 7) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

while he was a pre-trial detainee housed at the Colleton County Detention Center ("CCDC"). (Compl.)

In his Complaint, the plaintiff alleges that at the CCDC, there is no law library and no legal resources, and thus he was denied access to the courts. (Compl. at 3.) He also states that he was denied the right to an adequate grievance system as his grievances went unanswered. *Id.* Specifically, he alleges he filed grievances about the unsanitary conditions of the CCDC including allegations that the jail is infested with insects and his grievances were ignored. He alleges gross negligence because the jail was not exterminated and he was bitten by a spider. *Id.* The Plaintiff alleges the spider bite left a hole in his back that causes him discomfort, pain, and suffering. (Compl. at 3-4.) He is seeking actual and punitive damages and injunctive relief in the form of a order requiring that he be given treatment for the spider bite. (Comp. at 5.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Failure to Respond to Grievance**

In his Complaint, the Plaintiff alleges that he was denied the right to an adequate grievance system as his grievances about the unsanitary conditions at the CCDC were ignored and went unanswered. However, even assuming the Defendants failed to respond to the Plaintiff's grievances, the Plaintiff has not stated a constitutional claim. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"). Accordingly, the Plaintiff has failed to state a § 1983 claim based on his grievances not being responded to by the CCDC.

**Conditions of Confinement**

In his Complaint, the Plaintiff also alleges that the CCDC is unsanitary and infested with insects. Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Farmer v. Brennan,* 511 U.S. 825 (1994). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Further, to survive summary judgment, the Plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment. *Strickler v. Waters,* 989 F.2d 1375, 1380 (4th Cir. 1993).

Here, the Plaintiff has not presented evidence to create a genuine issue of material fact as to whether he was denied the minimal civilized measure of life's necessities, or that the Defendant engaged in any conduct "for the very purpose of causing harm or with the knowledge that harm would result. *Farmer*, 511 U.S. at 837. Further, the Plaintiff has failed to show any express intent on the part of the Defendant to punish him.

The Plaintiff was booked into the CCDC on April 29, 2009. (Def.'s Mem. Supp. Summ. J. Mot. Attach. - Fraser Aff.- Ex. # 1 at 4.) During his medical screening the next day on April 30, 2009, the Plaintiff was noted to have a past insect bite on his upper back. (Def.'s Mem. Supp. Summ. J. Mot. Attach. - Fraser Aff.- Ex. # 3 at 2.) The Plaintiff alleges he was injured as a result of the conditions of the CCDC (i.e. insect infestation) when he

was bitten on April 29, 2009, and the Defendant is liable because the Defendant was grossly negligent in failing to have the CCDC exterminated after being notified by the Plaintiff of the conditions. However, there is no evidence that the Plaintiff complained of exposure to spiders before the bite, and that the Defendant thereafter ignored a dangerous situation. Even assuming that the Plaintiff filed a grievance regarding the alleged insect infestation, the evidence shows that the Plaintiff was bitten prior to filing such a grievance. (Compl. Attach. # 3.) Further, it appears most likely that the Plaintiff was actually bitten prior to his incarceration which commenced on April 29, 2009. (Def.'s Mem. Supp. Summ. J. Mot. - Fraser Aff. - Ex. # 1 at 6 and Ex. # 3 at 2.) The Plaintiff has not shown that any alleged deprivation was attended by deliberate indifference on the part of the Defendant. nor has he produced any evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. Therefore this claim should also be dismissed. *Strickler,* 989 F.2d at 1380-1381.

### *Claims of Medical Indifference*

The Plaintiff also alleges that he was not properly treated for a spider bite while he was incarcerated at the CCDC. As noted above, the Plaintiff was booked into the CCDC on April 29, 2009, and during his medical screening on intake, it was noted that the Plaintiff had a past insect bite on his upper back. (Def.'s Mem. Supp. Summ. J. Mot. Attach. - Ex. # 1 at 4 & Ex. # 3 at 2.) On April 30, 2009, the Plaintiff filed a sick call slip in which he stated he had been bitten by a spider. (Compl. Attach. # 4.) The medical records show that the Plaintiff was prescribed an antibiotic, Keflex, on May 2, 2009, for a spider bite. (Def.'s Mem. Supp. Summ. J. Mot. Attach. - Fraser Aff.- Ex. # 5 at 5.) The medical records show that the Plaintiff took the medication for six days and then refused to continue taking the medication after that time. *Id.* On May 11, 2009, the Plaintiff again complained about the spider bite and also stomach pain. *Id.* at 23. He was examined by a doctor and the spider bite was described as a "small healing abscess." *Id.*

5

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Furthermore, the Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, such as the Defendant Officer Fraser in this case, an inmate must show that such official was personally involved with a medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper

6

course of treatment. *Id.* Under these principles, the Plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the Defendant Officer Fraser, who is not a part of the medical personnel at the CCDC.

Furthermore, to the extent the Plaintiff could rely on the doctrine of supervisory liability, the Plaintiff has failed to make any showing of supervisory liability. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). A medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Thus, in the context of a medical indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison doctor's performance, or was indifferent to a prison doctor's constitutional violation. *Miltier*, 896 F.2d 848 at 854. Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw,* 13 F.3d at 799. *See also Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich. 1987) (holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability).

Here, the Plaintiff has presented no evidence that the Defendant had actual knowledge that a subordinate was engaged in any behavior posing a risk of constitutional injury or disregarded a substantial risk of serious injury to the plaintiff resulting from the alleged lack of medical care. Thus, the Defendant cannot be held liable under a respondeat superior theory under § 1983 for the Plaintiff's alleged lack of medical care. Accordingly, it is recommended that this claim be dismissed.

**Claim of Denial of Access to Courts**

The Plaintiff also alleges a denial of access to the courts claim. Claims relating to the lack of access to a law library at the CCDC do not raise a cognizable § 1983 claim. Furthermore, the Plaintiff's claims relating to the right to a law library at CCDC are foreclosed by Fourth Circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled the Constitution of the United States does not require every local jail to have a law library. *See Magee v. Waters,* 810 F.2d 451, 452 (4th Cir.1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein " 'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.' " *Id.* at 452. Additionally, the right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, an inmate cannot rely on conclusory allegations; rather he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). Here, the Plaintiff has not alleged any actual injury as a result of the CCDC not having a law library or other legal resources. Accordingly, the Plaintiff has failed to state a claim of denial of access to the courts.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Dkt. # 20) be GRANTED and the Plaintiff's Complaint DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                 s/Bruce Howe Hendricks
                                                 United States Magistrate Judge

April 19, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**